Jasen, J. (concurring).
I join the opinion of the court which recognizes a right of recovery in strict products liability for nonpurchasers and nonusers against manufacturers of defective products. I cannot agree, however, with that part of the court’s opinion which perpetuates in our jurisprudence the doctrine of contributory negligence as a complete bar to any recovery by a plaintiff, a concept “ at once unfair and not well founded in legal principle ”. (Rossman v. La Grega, 28 N Y 2d 300, 307.) Our decisions have presaged a change to a system of comparative fault. (Dole v. Dow Chem. Co., 30 N Y 2d 143; Kelly v. Long Is. Light. Co., 31 N Y 2d 25.) The added step to adoption of a doctrine of comparative negligence to include plaintiffs as well is but a moderate analogical extension. In my opinion, the time has come to take that step.
On the relative merits of a rule of apportionment and a rule that contributory fault is a complete bar to recovery, the literature is extensive and the better choice seems clear.[1] Indeed, our own impatience'with the rule has been less than veiled. (Wartels v. County Asphalt, 29 N Y 2d 372; Rossman v. La Grega, 28 N Y 2d 300, supra.) Whatever the rule’s historical explanations (see *346 2 Harper and James, Law of Torts, § 22.1; Prosser, Torts [4th ed.], pp. 416—418), they have lost all relevance in our current economic, social and political environment. Latter day justifications in doctrine or policy have been similarly discredited (e.g., 2 Harper and James, supra, § 22.2; Lowndes, Contributory Negligence, 22 Geo. L. J. 674; Bohlen, Contributory Negligence, 21 Harv. L. Rev. 233), and today the rule is in full retreat (see 2 Harper and James, supra, §§ 22.4-22.14).
I submit that there is no longer, if there ever was, any justification in doctrine or policy for the rule of contributory negligence, save for the feeling that if one man is to be held liable for his fault, then the fault of him who seeks to enforce that liability should also be considered. But this notion of fundamental fairness does not require an all-or-nothing rule which exonerates a very negligent defendant for even the slightest fault of his victim.
That the rule of contributory fault departs from the central principle of Anglo-American tort law—that wrongdoers should bear the losses they cause — seems clear.[2] And at a time when the importance of fault itself is waning in our accident law (e.g., Workmen’s Compensation Law, § 10), it seems to me that we more faithfully serve that principle by causing wrongdoers to share the burden of resulting losses in reasonable relation to their wrongdoing. In this regard I would emphasize the advent of “ no fault ” automobile insurance (L. 1973, ch. 13) making it the policy of this State that automobile accident victims shall he compensated for basic economic loss, promptly and without regard to fault. This policy determination reinforces my belief that there is no logical and just reason for the perpetuation of a rule that bars any recovery because of some fault.
Finally, it seems equally clear that the rule of contributory fault is disapproved by laymen. In practice, countless jury verdicts reflect a rough, largely unpoliced and uneven form of comparative negligence. Thus, the need for change is compelling, *347 not only because a system of comparative negligence is superior on the merits,, but also because of the debilitating effect on our legal institutions of the existing clash between law and practice.
It remains to be answered—is this an appropriate area for judicial law reform? I think it is. (See, generally, Comments on Maki v. Frelk—Comparative v. Contributory Negligence: Should the Court or Legislature Decide?, 21 Vanderbilt L. Rev. 889.) Courts are no strangers to the reform of tort law of judicial origin.[3] Indeed, tort problems are typically handled by the courts rather than the Legislature, and experience has shown that the courts are at least as well situated as Legislatures to inform themselves about the factors that should be taken into account in promulgating a rule of comparative negligence. An examination of the record in other jurisdictions reveals that the assumption of legislative superiority is too patently a theoretical one, not based on history. The State statutes on the subject are short and are written in rather vague language, leaving many difficult problems to be worked out by the courts.[4] Finally, I discern no general adoption of the rule of contributory negligence by the New York Legislature. The rule has been used in laws designed to mitigate the impact of the doctrine (e.g., EPTL 11-3.2, subd. [b]; General Obligations Law, § 3-111; Employers’ Liability Law, §§ 4, 5), and the sum of these statutes indicates no legislative intention to make contributory negligence the general rule in this State.
In sum, I find unwarranted the assumption that a court cannot appropriately lay down, through a course of decisions, a system of comparative negligence as finely tailored to the problem as the Legislature might adopt. And as I have noted, there is no apparent conflict between existing statutory invocations of *348 the rule of contributory negligence and judicial adoption of a general rule of comparative negligence. Our decisions have pointed the way. A principle of comparative fault that apportions the loss among the several negligent contributors to its cause is “ pragmatically sound, as well as realistically fair ” (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, supra, at p. 29). It is a far better approach to justice and should be adopted by this court.
Chief Judge Fuld and Judges Burke, Breitel and Labrielli concur with Judge Jones ; Judge Jasen concurs in a separate opinion in which Judge Wachtleb, concurs.
In Action No. 1: Order affirming the judgment in favor of plaintiffs Codling against defendant Chrysler Corporation affirmed, with costs. Order reversing the judgment and order granting summary judgment to defendant Paglia on his cross claim against defendant Chrysler Corporation and dismissing the cross claim affirmed, without costs.
In Action No. 2: Order affirming the judgment in favor of plaintiff Paglia against defendant Chrysler Corporation reversed and a new trial granted, without costs.

. E.g., 2 Harper and James, Law of Torts, §§ 22.1-22.3; Prosser, Torts [4th ed.], § 67; Mole and Wilson, A Study of Comparative Negligence, 17 Cornell L. Q. 333, 604, 643-655; Turk, Comparative Negligence on the March, 28 Chi.-Kent L. Rev. 189, 304; Philbrick, Loss Apportionment in Negligence Cases, 99 U. Pa. L. Rev. 572, 766; Maloney, From Contributory to Comparative Negligence: A Needed Law Reform, 11 U. Fla. L. Rev. 135; Peck, Comparative Negligence and Automobile Liability Insurance, 58 Mich. L. Rev. 689.

. The United States is virtually the last stronghold of contributory negligence. The rule, commonly thought to have originated in Great Britain in 1809 with the case of Butterfield v. Forrester (11 East 60, 103 Eng. Rep. 926), has long since been repudiated by the land of its birth (Law Reform Act of 1945, 8 & 9 Geo. 6, ch. 28), most of the common-law nations of the world, and continental Europe as well.

. See Keeton, Judicial Law Reform — A Perspective on the Performance of Appellate Courts, 44 Tex. L. Rev. 1254; Green, The Thrust of Tort Law: Part II, Judicial Law Making, 64 W. Va. L. Rev. 115; Keeton, Creative Continuity in the Law of Torts, 75 Harv. L. Rev. 463.

. Puerto Rico’s comparative negligence statute is perhaps the briefest and most cryptic of all. It provides in part: “ Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of indemnity.” (Laws of Puerto Rico Ann., tit. 31, § 5141.) See, also, Ark. Stat. §§ 27-1730.1, 27-1730.2; Me. Rev. Stat. Ann. [1972 Supp.], tit. 14, § 156; Ga. Code, § 105-603; Neb. Rev. Stat., § 25-1151.